People v Bailey (2025 NY Slip Op 00279)

People v Bailey

2025 NY Slip Op 00279

Decided on January 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2025

Before: Webber, J.P., Gesmer, Shulman, Pitt-Burke, Higgitt, JJ. 

Ind No. 72486/22 Appeal No. 3504 Case No. 2023-00620 

[*1]The People of the State of New York, Respondent,
v
Tyvel Bailey, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Maria I. Wager of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Guy H. Mitchell, J. on motion to dismiss; Shari Ruth Michels, J. at plea and sentencing), rendered January 27, 2023, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him, nunc pro tunc to July 13, 2022, to a prison term of two years, followed by two years of postrelease supervision, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed on defendant at sentencing, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), which forecloses review of his Second Amendment claim (see People v Johnson, 225 AD3d 453, 453 [1st Dept 2024], lv granted 42 NY3d 939 [2024]). As an alternative holding, we find that on the present record, defendant has not demonstrated that he has standing to challenge New York's gun licensing scheme (see id. at 455). Defendant's claim that an application for a gun license would have been futile because he did not meet the minimum age requirement is unpreserved (see People v Cabrera, 41 NY3d 35, 42 [2023]; People v Maldonado, 230 AD3d 1069, 1070 [1st Dept 2024]), and we decline to review it in the interest of justice. As an alternative holding, we find on the present record that defendant has failed to establish that his conviction is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]).
Defendant's valid waiver of his right to appeal also forecloses review of his excessive sentence claim (People v Thomas, 62 AD3d 530, 531 [1st Dept 2009], lv denied 13 NY3d 839 [2009]). In any event, we perceive no basis for reducing the post-release supervision portion of the sentence.
Based on our own interest of justice powers, we vacate the mandatory surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2025